NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY JAMES WHITE, | No. 23-15419 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00892-ADA-GSA |
| v. | |
| RON KRANTZ; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ana de Alba, District Judge, Presiding

Submitted March 4, 2025[**]

Before: S.R. THOMAS, SILVERMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Cory James White appeals pro se the district court's

judgment dismissing with prejudice on screening his action under 42 U.S.C. §

1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Long v. Sugai*,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

91 F.4th 1331, 1336 (9th Cir. 2024).  We affirm in part, and reverse and remand in part.

White alleged that he genuinely practices the Jewish faith, and that Kern Valley State Prison officials denied him entry to the Kosher Diet Plan ("KDP"), even though he had arrived at Kern Valley with preapproval to receive KDP meals.  As a result, White alleges that he was forced to consume general population meals for approximately 50 days.  This is a colorable Free Exercise claim.  *See, e.g., Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024) ("An inmate asserting a Free Exercise claim must first show that he has a sincerely held religious belief that was impinged by government action."); *Shakur v. Schriro*, 514 F.3d 878, 885 (9th Cir. 2008).  We accordingly REVERSE the district court's order dismissing it, and REMAND with instructions to serve the complaint on defendants.

White further alleged that he requested sack lunches on various fast days, and that defendants rejected his requests for various reasons.  This too is a colorable Free Exercise claim.  While the intrusions on White's religious practice may have been sporadic or short-term, White "need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory." *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1212 (9th Cir. 2017).  We accordingly REVERSE the district court's order dismissing it, and REMAND with instructions to serve the complaint on defendants.

2

The district court properly dismissed White's substantive due process claim because White's challenge is properly analyzed under the First Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

We agree with the district court that White cannot allege any colorable claim for relief under RLUIPA because White sought only money damages against the defendants in their individual capacity, relief that is not available under the Act. *See, e.g., Fuqua v. Raak*, 120 F.4th at 1359-60.

We do not address White's claim for relief under 42 U.S.C. § 1981 because it is raised for the first time on appeal. *See, e.g., State of Arizona v. Components, Inc.,* 66 F.3d 213, 217 (9th Cir. 1995).

**AFFIRMED in part; REVERSED and REMANDED in part**.